**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  **JORDAN O'CONNOR, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.  15-CV-553-CVE-PJC** |
| | ) | |
| 1.  **REW III, INC., d/b/a McDonalds,** | ) | **JURY TRIAL DEMANDED** |
| **a domestic limited liability company,** | ) | |
| | ) | **ATTORNEY'S LIEN CLAIMED** |
| **Defendant.** | ) | **FOR THE FIRM** |

<u>COMPLAINT</u>

**COMES NOW** the Plaintiff, Jordan O'Connor, ("Plaintiff") by and through her attorney of record Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following Complaint against Defendant REW III, Inc. d/b/a McDonald's, ("Defendant") and hereby states and alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2.      This action arises under 42 U.S.C. §§ 2000e, *et seq.* and the common law of the State of Oklahoma.

3.      Declaratory and equitable relief are sought pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4.      Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil and the above statutes.

1

5.   This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district.

## PARTIES

6.   Plaintiff was employed at REW III, Inc. d/b/a McDonald's as a crew member from October 29, 2013 to January 17, 2014, and was at all times hereinafter mentioned domiciled in and a citizen of the State of Oklahoma.

7.   Defendant was and is now existing under the laws of a state other than the State of Oklahoma and maintained a facility in Tulsa, Oklahoma where Plaintiff was employed during the relevant periods.

8.   In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Right to Sue letter on July 27, 2015, (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

9.   Shortly after starting at McDonald's, the night manager, Bobby Harris befriended Plaintiff and scheduled her to work the night shift with him.

10.  Immediately thereafter, Mr. Harris started calling Plaintiff beautiful, hot, and sexy. At first Plaintiff felt like Mr. Harris was just joking around with her. Then the sexual and provocative remarks began to escalate to "I want to have sex with you," I would like to rock your world," "I f- - k like a porn star, you want to see?," "Damn the things I would like to

do to you."

11.   Shortly thereafter, Mr. Harris began physically touching Plaintiff's buttocks, pushing her up against the counters, trying to kiss her, biting her neck and pulling her hair. On one occasion, Mr. Harris bent down and bit Plaintiff on the buttocks and on another occasion, took a picture of her buttocks.

12.   Subsequently, Mr. Harris sent Plaintiff pictures of himself nude.  He also sent her pictures of a "school girl" outfit and Victoria Secret outfits and asked her if she would wear them for him.  He once told Plaintiff that he wanted to have a threesome with her and another co-worker.

13.   On one occasion, Mr. Harris kissed Plaintiff without her permission.  The next evening, Mr. Harris apologized to Plaintiff admitting he knew the kiss made her uncomfortable and promised it would not happen again.

14.   Mr. Harris inappropriate, unwanted, offensive comments made Plaintiff uncomfortable and caused her stress and embarrassment to the point that she did not want to go to work.

15.   Plaintiff did not report Mr. Harris to her manager, Rachel LNU, because Rachel was aware of Mr. Harris' behavior and participated in some of the comments.

16.   When Plaintiff finally advised her mother, Viola O'Connor, that Mr. Harris was sexually harassing her and sending nude pictures of himself to her, her mother refused to permit her to work and took steps to report the sexual harassment to the police.

17.   On January 23, 2014, Viola O'Connor contacted the General Manager, Thelma Ramirez, and Monty Myrick, Area Manager, to advise them that Plaintiff would not be returning to work due to Mr. Harris sexually harassing her.

18.   Ms. Ramirez stated that she had suspicions that Mr. Harris was being inappropriate and that she would go back and check the cameras.

19.   As a result of Mr. Harris' inappropriate, unwanted, offensive behavior, Plaintiff resigned her employment with McDonald's.

## FIRST CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

20.   Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

21.   By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed towards Plaintiff.

21.   By and through, but not limited to, the actions described above, the Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

22.   As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

23.   Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

24.   Plaintiff has been injured by this on-going sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant

is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(NEGLIGENT SUPERVISION)**

25.     Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

26.     That Defendant knew or should have known that Defendant's agent and employee had a propensity for sexually harassing employees, as demonstrated by the observations of its management and/or supervisory employees.

27.     That at the time Defendant's agent and employee was sexually harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

28.     That Defendant failed to act upon this belief.

29.     That the Plaintiff was injured because of Defendant's failure to act.

30.     That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax

consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

31.   Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

32.   That Defendant intentionally engaged in outrageous discriminatory conduct against Plaintiff.

33.   That Defendant knew or should have known that such outrageous discriminatory conduct would cause Plaintiff severe emotional distress.

34.   That Defendant's discriminatory conduct was extreme and outrageous and goes beyond all possible bounds of decency in a civilized community.

35.   That as a result of Defendant's intentional, willful, malicious and reckless conduct, Plaintiff suffered severe emotional distress.

**WHEREFORE**, premises considered, Plaintiff prays this Court grant them judgment against Defendant for actual and compensatory damages, declaratory and injunctive relief, prejudgment interest, cost and attorney fees, an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

ARMSTRONG & VAUGHT, P.L.C.


*/s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma   74114
(918) 582-2500 Telephone
(918) 583-1755 Fax
**Attorneys for Plaintiff**